UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TAYA AGRICULTURAL FEED MILL CO., | § § | |
| *Plaintiff*, | § § | CIVIL ACTION NO. |
| v. | § § | _____ |
| ALAXCO INTERNATIONAL, | § § § | |
| *Defendant*. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Taya Agricultural Feed Mill Co. ("Plaintiff") hereby files this Complaint against Defendant Alaxco International ("Alaxco" or "Defendant") and would respectfully show the Court as follows:

### PARTIES

1. Plaintiff is an entity organized under the laws of the Kingdom of Saudi Arabia, and is engaged in the production livestock and poultry feed.

2. Defendant Alaxco is an entity, upon information and belief, organized under the laws of the State of Texas with an address of 1021 Sydnor Street, Houston Texas, 77020.

### JURISDICTION AND VENUE

3. Plaintiff is a foreign entity, and Defendants are residents of this District. The amount in controversy exceeds $75,000. Accordingly, this Court has jurisdiction over this controversy pursuant to 28 U.S. Code § 1332(a).

### FACTUAL ALLEGATIONS

4. Plaintiff is in the business of producing livestock and poultry feed. In connection with this business, Plaintiff requires raw materials, including "dried distillers grain in soluble" ("DDGS"), a protein-rich grain blend.

5. In or around November 2020, Alaxco approached Plaintiff, and represented itself as a supplier of DDGS and offered to supply Plaintiff with DDGS.

6. Specifically, Alaxco offered to deliver Plaintiff 1000 metric tons of DDGS in exchange for payment of $305,000. In doing so, Alaxco affirmatively represented to Plaintiff that it was a supplier of DDGS and that it would be able to supply Plaintiff with DDGS.

7. However, unbeknownst to Plaintiff, at the time Alaxco offered to supply Plaintiff with DDGS, Alaxco never intended to do so.

8. In fact, upon information and belief, Alaxco was not even a supplier of DDGS.

9. Alaxco made these representations to Plaintiff in order to induce Plaintiff to enter into a contract with Alaxco for the purchase of DDGS.

10. In direct reliance upon Alaxco's representations that it was a supplier of DDGS and that Alaxco could provide Plaintiff with DDGS, on or about November 13, 2020, Plaintiff entered into a Sales Contract for Distillers Dried Grains (the "Contract") with Alaxco. A true and correct copy of the Sales Contract is attached hereto as Exhibit A.

11. Pursuant to the Contract, Alaxco agreed to deliver to Plaintiff 1000 metric tons of DDGS for a total payment of $305,000.

12. Pursuant to the Contract, payment of the $305,000 was to be made 50% in advance of shipping by Alaxco of the DDGS and the remaining 50% was to be paid after receipt by Plaintiff of the DDGS.

13. Pursuant to the Contract, Alaxco was to ship the DDGS on December 1, 2020.

14. In accordance with the Contract, Plaintiff thereafter made a payment of $152,500 to Alaxco, representing 50% of the Contract price.

15.     Despite receiving and retaining Plaintiff's payment of $152,500, Alaxco failed, and to date continues to fail, to deliver any DDGS as required under the Contract.

## CAUSES OF ACTION

### COUNT I
### (Fraud)

16.     Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if restated herein.

17.     By the fraudulent acts described in paragraphs 5 through 15, Defendant willfully and intentionally defrauded Plaintiff and made or caused to be made false, fraudulent and material misrepresentations and omissions to Plaintiff concerning the fact that Defendant was a supplier of DDGS and that Defendant could and would supply Plaintiff with DDGS in exchange for payment of $305,000.

18.     Defendant intentionally made the false, fraudulent and material misrepresentations and omissions and engaged in the conduct described herein, in order to induce Plaintiff to transfer $152,500 to Defendant for a purported purchase of DDGS.

19.     At the time that the false, fraudulent and material misrepresentations were made, Defendant knew that they were false, and such statements and acts by Defendant were made and done with the intent of deceiving and defrauding Plaintiff.

20.     Plaintiff reasonably relied upon Defendant's false, fraudulent and material misrepresentations and omissions.

21.     As a direct and proximate result of Alaxco's false, fraudulent and material misrepresentations and omissions, Plaintiff has been damaged in an amount in excess of $152,500.

## COUNT II
### (Conversion)

22. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if restated herein.

23. By their wrongful exercise of dominion and control over Plaintiff's monies, Defendant has wrongfully converted valuable property of Plaintiff to its own use and benefit.

24. As a result of Defendant's conversion, Plaintiff has been damaged in an amount in excess of $152,500.

## COUNT III
### (Unjust Enrichment)

25. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if restated herein.

26. As set forth above, Defendant fraudulently and intentionally obtained funds from Plaintiff.

27. Plaintiff has received no benefit whatsoever for its provision of funds to Defendant.

28. Defendant would be unjustly enriched, at Plaintiff's expense, if it was allowed to enjoy the benefits derived from Plaintiff.

29. The fair value of the benefits conferred on and obtained by Defendant is the amount Plaintiff transferred to Defendant, plus interest.

30. Thus, Defendant has been unjustifiably enriched, and Plaintiff thereby damaged in an amount in excess of $152,500.

## COUNT IV
### (Constructive Trust)

31. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if restated herein.

32. As set forth above, Defendant fraudulently and intentionally obtained $152,500 belonging to Plaintiff, which it converted for its own use and personal benefit.

33. To now allow Defendant to retain the sum of $152,500 belonging to Plaintiff, would violate the principles of equity.

34. Defendant obtained the sum of $152,500 belonging to Plaintiff as result of the mutual promises and consideration under the terms of the contract described above.

35. Defendant however, by never intending to perform under the Contract, cannot enjoy beneficial interest in the $152,500, as Defendant has no legal or equitable claim or interest therein.

36. Instead, Defendant, by reason of the wrongful manner in which Defendant obtained the $152,500, is an involuntary trustee, holding the $152,500 and any profits or gains therefrom, in constructive trust for Plaintiff with the duty to convey the sum of $152,500 and all profit and gains therefrom to Plaintiff.

## PRAYER

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendant as follows:

(a) Compelling the return of Plaintiff's funds;

(b) Imposing a constructive trust on Defendant's assets for the benefit of Plaintiff;

(c) Awarding punitive damages;

(d) Awarding Plaintiff compensatory damages in an amount to be proven at trial; and

(e) Awarding Plaintiff its costs, legal fees, interest, and/or granting such other and further relief as the Court may deem just and equitable.

Respectfully submitted,

By: */s/ John David Blakley*
John David Blakley
Attorney-in-Charge
Texas Bar No. 24069388
TXSD Bar No. 2302506
jdblakley@dunnsheehan.com
William D. Dunn
Texas Bar No. 24002023
TXSD Bar No. 585996
ddunn@dunnsheehan.com
DUNN SHEEHAN LLP
3400 Carlisle Street, Ste. 200
Dallas, TX 75204
Telephone:  214.866.0156
Facsimile:  214.866.0070

Xavier M. Bailliard*
New York Bar No. 4652103
xbailliard@ktpllp.com
KRANJAC TRIPODI & PARTNERS LLP
30 Wall Street, 12th Floor
New York, NY 10005
Telephone: (646) 216-2400
Facsimile: (646) 216-2373

*Pro Hac Vice Pending*

**ATTORNEYS FOR PLAINTIFF**